**174**

608 P.2d 313
Warren **MINOR** et al.,
Petitioners/Appellants,

v.

**COCHISE COUNTY, Arizona, a body poli-
tic, and Kerley Chemical Corporation,
Real Party in Interest, Respondents/Ap-
pellees.**

No. 2 CA–CIV 3097.

Court of Appeals of Arizona,
Division 2.

June 5, 1979.

Rehearing Denied July 18, 1979.

Review Granted Sept. 18, 1979.

Schorr, Leonard & Felker, P.C. by Frank-
lin O. Eldridge, Tucson, for petitioners/ap-
pellants.

Beverly H. Jenney, Cochise County Atty.
by Thomas E. Dugal, Deputy County Atty.,
for respondent/appellee Cochise County.

Chandler, Tullar, Udall & Redhair by
Robert E. Lundquist, Tucson, for respon-
dent/appellee Kerley Chemical Corp.

OPINION

HATHAWAY, Judge.

This appeal seeks review of a superior court order dismissing appellants' petition for special action for the reason that they had failed to exhaust their administrative remedies. Appellants contend that their special action fell within one of the exceptions to the rule requiring exhaustion of administrative remedies.

Appellee Kerley Chemical Corporation (Kerley) leased a parcel of property located on a railroad siding from Southern Pacific Railway. This property is situated about 10 miles from the town of Benson, Arizona. Kerley intended to build a chemical manufacturing plant, and, after obtaining an air quality permit from the State Environmental Health Services, wrote to the Cochise County Planning Department. The details of the proposed chemical operation were set forth in the letter and Kerley inquired about a use permit from the county. By letter dated February 7, 1977, the planning department advised Kerley that under § 308 of the Cochise County Zoning Regulations, lands within the railroad's right-of-way are exempt, that the enclosed use permit application should be completed and

returned, and that no fee would be required because of the exemption status.

Kerley's application for the use permit was approved on February 18, 1977, and the community promptly became aware of such fact. On February 28, one resident wrote to the Planning and Zoning Department objecting to the permit, and by letter dated March 7, was advised by the department that since the property where the Kerley operation was to be conducted was located within the operating right-of-way of Southern Pacific, such use was exempted from county zoning regulations. No attempt was made to seek administrative review by the County Board of Adjustment, and on May 5, 1977, a special action was filed in superior court challenging the planning department's approval of Kerley's use permit application.

Appellees moved to dismiss the special action, and at the hearing thereon, the foregoing facts were established by documentary evidence and from testimony of both Mr. Rivera, Chief Inspector of the Cochise County Planning Department and Mr. Altenstadter, Planning Director. The parties stipulated that Kerley broke ground on March 30, 1977, and a letter from Kerley to Mr. Rivera, dated April 15, 1977, indicated the construction on the initial phase of the plant was complete and that the plant was in satisfactory operation. Appellees' motion to dismiss the special action for failure to exhaust administrative remedies was granted.

A.R.S. § 11–830(A)(2) restricts the power of counties to "[p]revent, restrict, or otherwise regulate the use or occupation of land or improvements for railroad, mining, metallurgical, grazing or general agricultural purposes, if the tract concerned is five or more contiguous commercial acres." The Cochise County zoning ordinance has adopted this restriction on regulation in § 308(a):

"Nothing contained in these zoning regulations shall prevent, restrict, or otherwise regulate the use or occupation of land or improvements for railroad, mining, metallurgical, grazing or general agricultural purposes, if the tract is not less than five contiguous commercial acres."

A.R.S. § 11–807 provides for the creation of boards of adjustment and delineates their powers:

"B. The board of adjustment may:

1. Interpret the zoning ordinance when the meaning of any word, phrase or section is in doubt, when there is a dispute between the appellant and enforcing officer, or when the location of a district boundary is in doubt.

2. Allow a variance from the terms of the ordinance when, owing to peculiar conditions, a strict interpretation would work an unnecessary hardship, if in granting such variance the general intent and purposes of the zoning ordinance will be preserved."

Subsection (C) and (D) of A.R.S. § 11–807 provide for review:

"C. Appeals to an adjustment board may be taken by any person who feels that there is error or doubt in the interpretation of the ordinance or that due to unusual circumstances attaching to his property an unnecessary hardship is being inflicted on him. The appeal shall state whether it is a plea for an interpretation or a variance and the grounds for the appeal.

D. Any person aggrieved in any manner by an action of a board of adjustment may within thirty days appeal to the superior court, and the matter shall be heard de novo as appeals from courts of justices of the peace."

Section 2308 of the Cochise County Zoning Regulations provides for appeals from the county zoning inspector:

"Any person who feels there is error or doubt in the interpretation of these Zoning Regulations, who has been denied a use permit by the County Zoning Inspector, or who in any other manner has been aggrieved by any action of the County Zoning Inspector or any Cochise County officer, department, board, commission or agency affected by any decision of the County Zoning Inspector may appeal to

the Board of Adjustment. The appeal shall be made within thirty (30) days after the decision or act complained of by filing a notice of appeal with the County Inspector upon forms provided by him. The County Zoning Inspector shall, within ten (10) days from the date of the filing of the notice of appeal, assign the appeal to the appropriate Board of Adjustment."

■ The general rule is that a party seeking relief from zoning action must first pursue and exhaust the administrative remedies available before instituting a proceeding for judicial relief, unless, however, the administrative remedy is inadequate or nonexistent. *Town of Paradise Valley v. Gulf Leisure Corporation*, 27 Ariz.App. 600, 557 P.2d 532 (1976). This principle, which requires one to exhaust his administrative remedies before appealing to a court, is to afford the administrative body a full opportunity to reexamine and restudy the matter. *Pima Mining Company v. Industrial Commission*, 11 Ariz.App. 480, 466 P.2d 31 (1970).

■ We agree with appellants that their lawsuit was not barred by their failure to file an appeal with the Cochise County Board of Adjustment. A.R.S. §§ 11–801 thru 808 provide for the administration and enforcement of county planning and zoning. As noted above, A.R.S. § 11–807 defines the powers of a county board of adjustment, appeals to such board and judicial review of the board's action. A.R.S. § 11–808 provides for enforcement of a county zoning ordinance, and subsection (D) thereof states:

"If any building or structure is or is proposed to be erected, constructed, reconstructed, altered, maintained or used or any land is or is proposed to be used in violation of this chapter or any ordinance, regulation or provision enacted or adopted by the board under the authority granted by this chapter, the board, the county attorney, the inspector or any adjacent or neighboring property owner who is specially damaged by the violation, *in addition to the other remedies provided by law*, may institute injunction, mandamus, abatement or any other appropriate action or proceedings to prevent or abate or remove the unlawful erection, construction, reconstruction, alteration, maintenance or use." (Emphasis added)

Thus we see that the legislature has provided not only an administrative remedy (A.R.S. § 11–807), but also a judicial remedy (A.R.S. § 11–808(D)). Other jurisdictions which have considered the doctrine of exhaustion of administrative remedies under like circumstances have held that the doctrine does not apply, i. e., where the legislature has manifested an intention to create alternate and additional remedies to the administrative one, the exhaustion doctrine has no application if the person aggrieved elects to pursue the judicial remedy. *Town of Berwyn Heights v. Rogers*, 228 Md. 271, 179 A.2d 712 (1962); *Jelinski v. Eggers*, 34 Wis.2d 85, 148 N.W.2d 750 (1967); *Scarborough v. Mayor and Council of Town of Cheswold*, 303 A.2d 701 (Del.Ch.1973); *Scripps Memorial Hospital, Inc. v. California Employment Commission*, 24 Cal.2d 669, 151 P.2d 109 (1944).

Here the legislature has not made pursuit of the administrative remedy a condition precedent to judicial relief. On the contrary, it has manifested a contrary intention by use of the words "in addition to the other remedies provided by law." We therefore hold that the lower court erroneously applied the exhaustion of remedies rule in granting appellees' motion to dismiss.

Reversed and remanded for further proceedings.

HOWARD, J., concurs.

RICHMOND, Chief Judge, dissenting:

The majority has applied out of context one phrase of A.R.S. § 11–808(D)—"in addition to the other remedies provided by law." The result renders superfluous the provision in § 11–807 for an administrative appeal under the circumstances of this case. In construing the meaning of several statutes they should be read together to give effect

to all if possible. *Ordway v. Pickrell*, 112 Ariz. 456, 543 P.2d 444 (1975).

It seems clear that in the two sections the legislature has provided not alternate remedies but different remedies for different situations. For example, it is obvious that the appeal to the board of adjustment afforded by § 11–807 has no application to a violation of a zoning ordinance, for which § 11–808(D) affords a specific remedy. It seems equally obvious that the latter subsection has no application to a doubtful interpretation of a zoning ordinance, for which § 11–807(C) provides primary review by an adjustment board as an administrative remedy that must be exhausted before recourse to superior court under § 11–807(D).

The remedy described in § 11–808(D) is extended to the board of supervisors, the county attorney, and the county zoning inspector, as well as "any adjacent or neighboring property owner who is specially damaged." In that context it appears clearly directed at violations of the zoning ordinance, not at reviewing the decisions of the county agency, officers, or employees administering the ordinance. The phrase "in addition to the other remedies provided by law" immediately follows the reference in § 11–808(D) to a neighboring property owner "who is specially damaged by the violation." It is followed in turn by a catalog of extraordinary remedies for the prevention or abatement or removal of an unlawful structure or use. The phrase thus serves to make available to the property owner extraordinary relief that otherwise would be precluded by the adequacy of an action for damages. It need be given no other import.

As Cochise County points out in its brief, the result reached by the majority would prevent a property owner like Kerley from relying on an apparently valid use permit once the time for appeal to the adjustment board or limitation period in § 11–807(D) had expired. Any construction under the

permit would be at the risk of an action attacking the interpretation of the zoning ordinance and seeking removal of the structure at any time permitted by the general statute of limitations.[1] The expeditious review afforded by § 11–807 to "any person who feels that there is error or doubt in the interpretation of the ordinance" compels a contrary conclusion.

Neither of appellants' other arguments merits reversal. The "legal question exception" to the doctrine requiring exhaustion of administrative remedies applies to legal or constitutional questions concerning the validity of an ordinance, *see Manning v. Reilly*, 2 Ariz.App. 310, 408 P.2d 414 (1965), not to interpretation of the ordinance by the administrative body expressly authorized by statute to interpret it. *See* A.R.S. § 11–807(B). Appellants' remaining contention that an administrative appeal would have been futile is only speculation.

In summary, I do not believe this court should be led astray by the inapposite reference in § 11–808(D) to "other remedies." The Arizona cases cited by the majority recognize the logic behind the general rule requiring exhaustion of administrative remedies where there is an administrative review procedure available. The argument of optional remedies was rejected under analogous circumstances in *Campbell v. Chatwin*, 102 Ariz. 251, 428 P.2d 108 (1967). This case seems to fall clearly within the scope of the rule and the policy behind it. For that reason I would affirm the judgment of dismissal.

---

1. The complaint alleges that Kerley "has erected and established and is operating a chemical manufacturing plant" and seeks a judgment or order that Kerley's use of the property "shall abate forthwith."