608 P.2d 309

**Warren MINOR et al., Appellants,**

v.

**COCHISE COUNTY, Arizona, a body politic, and Kerley Chemical Corporation, Real Party in Interest, Appellees.**

**No. 14476–PR.**

Supreme Court of Arizona, In Banc.

Feb. 20, 1980.

Rehearing Denied March 25, 1980.

Schorr, Leonard & Felker by Franklin O. Eldridge, Tucson, for appellants.

Beverly H. Jenney, Cochise County Atty. by Thomas E. Dugal, Deputy County Atty., Bisbee, for appellee Cochise County.

Chandler, Tuller, Udall & Redhair by Robert E. Lundquist, Tucson, for appellee Kerley Chemical Corp.

STRUCKMEYER, Chief Justice.

This appeal is from an order of the Superior Court of Pima County dismissing appellants' special action. The Court of Appeals, in a divided opinion, reversed, 125 Ariz. 174, 608 P.2d 313 (App.1979). Opinion of the Court of Appeals vacated, and judgment of the Superior Court affirmed.

Appellants filed a special action in the Cochise County Superior Court on July 8, 1977, alleging that on February 18, 1977 the Planning Department of Cochise County approved an application by the Kerley Chemical Company for a permit for an industrial chemical manufacturing plant which produced ammonium sulphide, a toxic chemical with an offensive odor. The permit was issued by the Planning Department in the belief that the plant was exempt from the County's zoning regulations because of its location within the right-of-way of Southern Pacific Railroad.

Appellants did not appeal to the Board of Adjustment to review the action of the Planning Board, as is provided by Cochise County's zoning ordinance § 2308. Rather, a special action was filed in the Cochise County Superior Court seeking to set aside the permit. The venue of the action was changed to Pima County, and thereafter the

Superior Court dismissed the action on the grounds that appellants had failed to exhaust their administrative remedies.

■ It is a well recognized principle of law that a party must exhaust his administrative remedies before appealing to the courts.

"Courts have established their authority to limit the cases of which they take jurisdiction by rules of ripeness, mootness and standing. Similar is the rule that requires an exhaustion of all available administrative remedies prior to seeking judicial review of an administrative order.

Arizona has recognized this doctrine as a long-settled rule of judicial administration. *United Association of Journeymen, etc. v. Marchese*, 81 Ariz. 162, 302 P.2d 930, citing *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638." *Campbell v. Chatwin*, 102 Ariz. 251, 257, 428 P.2d 108, 114 (1967).

■ Appellants argue that when the primary issue involves the resolution of a legal question such as the interpretation of a statute, the exhaustion doctrine is inapplicable because statutory construction and the resolution of a legal issue are functions of the courts.

We, however, do not think that rule has application to the present case. A.R.S. § 11–807 sets forth the powers of the county boards of adjustment. By it, the county board of adjustment has been specifically given the right to interpret county zoning ordinances. The statute, in part, reads:

"B. The board of adjustment may:

1. Interpret the zoning ordinance when the meaning of any word, phrase or section is in doubt * * *

\* \* \* \* \* \*

C. Appeals to an adjustment board may be taken by any person who feels that there is error or doubt in the interpretation of the ordinance * * *."

The Legislature could have believed that reasonably intelligent people, even though without formal legal training, could interpret the zoning ordinances, particularly if assisted by legal counsel.

■ Where a board is specifically empowered to act by the Legislature, the board should act before recourse is had to the courts. *Williams v. Bankers National Insurance Co.*, 80 Ariz. 294, 301, 297 P.2d 344 (1956). The doctrine of exhaustion of administrative remedies applies where a claim is cognizable in the first instance by the administrative agency alone. In such cases, judicial interpretation is withheld until the administrative process has run its course. *United States v. Western Pacific R. R. Co.*, 352 U.S. 59, 63–64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126, 132 (1956).

The foregoing brings us to appellees' point that A.R.S. § 11–808(D) [1] provides an

---

1. A.R.S. § 11–808 provided, as it stood at the time this action was brought:

"11–808. Enforcement; county zoning inspector; deputies; building permits; violations; penalty

A. The county zoning ordinance shall provide for its enforcement within a zoned territory by means of withholding building permits, and for such purposes may establish the position of county zoning inspector, and such deputy inspectors as may be required, who shall be appointed by the board.

B. From and after the establishment and filling of the position, it shall be unlawful to erect, construct, reconstruct, alter or use any building or other structure within a zoning district covered by the ordinance without first obtaining a building permit from the inspector and for that purpose the applicant shall provide the zoning inspector with a sketch of the proposed construction containing sufficient information for the enforcement of the zoning ordinance. No permit shall be required for repairs or improvements of a value not exceeding five hundred dollars. Reasonable fees may be charged for the issuance of a permit. The inspector shall recognize the limitations placed on his authority by § 11–821, and shall issue the permit when it appears that the proposed erection, construction, reconstruction, alteration or use fully conforms to the zoning ordinance. In any other case he shall withhold the permit.

C. It is unlawful to erect, construct, reconstruct, maintain or use any land in any zoning district in violation of any regulation or any provision of any ordinance pertaining thereto. Any person, firm or corporation violating such an ordinance, or any part thereof, is guilty of a misdemeanor. Each and every day during which the illegal erection, construction, reconstruction, alteration,

alternate remedy to the administrative remedy provided by § 11–807. They argue persons aggrieved may pursue either course at will.

It can be seen from an examination of the statute as a whole that it provides for the abatement of structures, uses of land and proposed uses of land that are in violation of the legislative act or an ordinance adopted under the authority of that act. Even were it ultimately determined that the operation of an ammonium sulphide plant by the Kerley Chemical Company was not permitted under the proper interpretation of Cochise County's ordinance, there is no violation of law until the permit has itself been declared invalid and without legal force and effect. Appellants must test the permit by appropriate administrative action.

Appellants next urge that there is a basic distinction between legal actions to protect a "mere private right" and actions to protect public rights. They cite *Parks v. Board of County Commissioners of Tillamook Cty.*, 11 Or.App. 177, 501 P.2d 85 (1972), for the rule that as regards duties of a strictly public nature, incumbent upon public officers by virtue of their office, no demand

and refusal are necessary as a condition precedent to relief by mandamus. But *Parks v. Board of County Commissioners* is not a case in which the question of exhaustion of administrative remedies is discussed. The question there was whether a public officer could be compelled to do his duty without a demand and refusal as a condition to relief.

Finally, appellants assert that a party is relieved from the exhaustion requirement when it appears it would be useless or futile to pursue the matter with the administrative agency. The answer to this, of course, is that there is nothing in the record which would indicate that the Board of Adjustment would not have seriously considered appellants' position.

Judgment affirmed.

HOLOHAN, V. C. J., and HAYS, CAMERON and GORDON, JJ., concur.

maintenance or use continues is a separate offense.

D. If any building or structure is or is proposed to be erected, constructed, reconstructed, altered, maintained or used or any land is or is proposed to be used in violation of this chapter or any ordinance, regulation or provision enacted or adopted by the board under the authority granted by this chapter, the board, the county attorney, the inspector

or any adjacent or neighboring property owner who is specially damaged by the violation, in addition to the other remedies provided by law, may institute injunction, mandamus, abatement or any other appropriate action or proceedings to prevent or abate or remove the unlawful erection, construction, reconstruction, alteration, maintenance or use." The statute as amended in 1978 remains substantially the same.