IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| FREEPORT MCMORAN CORPORATION, a New York corporation, | ) ) ) ) | 2 CA-CV 2011-0074 DEPARTMENT A |
| | ) | O P I N I O N |
| Plaintiff/Counterdefendant/ Appellee, | ) ) ) | |
| v. | ) ) | |
| LANGLEY EDEN FARMS, LLC, an Arizona limited liability company, | ) ) ) | |
| Defendant/Counterclaimant/ Appellant. | ) ) ) ) | |

APPEAL FROM THE SUPERIOR COURT OF GRAHAM COUNTY

Cause No. CV201000119

Honorable R. Douglas Holt, Judge

VACATED AND REMANDED

---

Fennemore Craig, P.C.
  By Douglas C. Northup and Andrea L. Marconi                    Phoenix
                                                    Attorneys for Plaintiff/
                                                Counterdefendant/Appellee


Beus Gilbert P.L.L.C.
  By Paul E. Gilbert, Franklyn D. Jeans,
  and Cory L. Broadbent                                         Scottsdale
                                                   Attorneys for Defendant/
                                               Counterclaimant/Appellant

---

H O W A R D, Chief Judge.

¶1     Appellant Langley Eden Farms (Langley) appeals from the trial court's grant of declaratory judgment and summary judgment in favor of Freeport McMoRan Corporation (Freeport).  Langley argues the court erred in finding Freeport's land exempt from county zoning requirements because it is used for mining purposes under A.R.S. § 11-812(A)(2)[1] and in finding no issue of material fact exists with respect to Langley's nuisance and invasion claims.  Because the parties were required to exhaust their administrative remedies, we vacate and remand.

**Factual and Procedural Background**

¶2     After the evidentiary hearing on the declaratory judgment request, the trial court stated, "[T]he parties have essentially stipulated to the factual background of the case."  Freeport operates a copper mine in Graham County and intends to build a sulfur transload facility on property located approximately twenty miles away.  The sulfur will be transported to the facility on a railroad line owned by a third party and then a rail spur owned by Freeport.  At the facility, Freeport will store, heat, and transfer molten sulfur to trucks to be taken to the mine site for the production of sulfuric acid.  Langley owns property adjacent to and near the site of the proposed transload facility.

¶3     Freeport sued Langley requesting a declaratory judgment that, based on A.R.S. § 11-812 and its intended use of the property, it was not subject to regulation by Graham County zoning ordinances.  Langley filed a counterclaim requesting a declaratory judgment on the same issue and adding claims of nuisance and invasion of its

_____

[1]Although the parties rely on A.R.S. § 11-830, the statute has been renumbered as § 11-812.  2010 Ariz. Sess. Laws, ch. 244, §§ 5, 7.

current and future uses of its property. Following an evidentiary hearing, the trial court found the transload facility was exempt from zoning requirements under § 11-812. Freeport then filed a motion for summary judgment as to Langley's remaining claims. After argument, the court granted Freeport's motion for summary judgment. This appeal followed.

## Administrative Processes

¶4 After the parties filed their briefs on appeal, this court ordered them to submit supplemental briefs addressing the issue of whether the primary jurisdiction or exhaustion of remedies doctrines required the parties to utilize administrative procedures before filing an action in the superior court. We can raise this issue sua sponte. *Sw. Soil Remediation, Inc. v. City of Tucson*, 201 Ariz. 438, ¶ 32, 36 P.3d 1208, 1216 (App. 2001). In any event, this issue is not entirely new to the parties. Langley has claimed from the beginning that Freeport was required to go through the administrative process. Additionally, during the hearing on the request for declaratory relief, the trial court asked the parties if the county was "an indispensable party" and counsel for both parties agreed it was not.

¶5 In its supplemental brief, Langley claims Freeport was required to pursue administrative remedies through the Graham County zoning process and "seek guidance from the Board of Adjustment" before resorting to the courts. Under the doctrine of exhaustion of remedies, if "a statute establishes an administrative review procedure," that statute "'determines *when* judicial review is available'" and when the parties must first utilize the established procedures. *Id.*, *quoting Original Apartment Movers, Inc. v.*

3

*Waddell*, 179 Ariz. 419, 420, 880 P.2d 639, 640 (App. 1993) (emphasis in *Original Apartment Movers*).

¶6     Section 11-816(A), A.R.S., instructs the county boards of supervisors to establish a board of adjustment in each county. The statute gives the board of adjustment authority to "[i]nterpret the zoning ordinance," "[a]llow a variance from the terms of the ordinance," and "[i]f authorized by the board of supervisors, review decisions by a hearing officer who hears and determines zoning violations." § 11-816(B). Thus, the legislature has established an administrative review process for such actions.

¶7     In *Minor v. Cochise County*, 125 Ariz. 170, 171-72, 608 P.2d 309, 310-11 (1980), our supreme court considered whether the appellants had failed to exhaust their administrative remedies by filing a special action to set aside the county planning department's issuance of a building permit for a chemical manufacturing plant, instead of appealing to the board of adjustment. The planning department had concluded the chemical plant was exempt from county zoning regulations under A.R.S. § 11-830, because it was located within the right-of-way of a railroad. *Minor*, 125 Ariz. at 171, 608 P.2d at 310. The former version § 11-830, currently § 11-812, restricted the scope of what a county may regulate in enacting land-use ordinances. With respect to a tract of land that is five contiguous commercial acres or more, subsection (A)(2) of the statute provides, in relevant part, that "[n]othing contained in any ordinance . . . shall . . . [p]revent, restrict or otherwise regulate the use or occupation of land or improvements for railroad, mining, [or] metallurgical . . . purposes."

4

¶8 As the court of appeals decision makes clear, the county had adopted a restriction on zoning identical to § 11-812. *Minor v. Cochise Cnty.*, 125 Ariz. 174, 175, 608 P.2d 313, 314 (App. 1979), *vacated*, 125 Ariz. 170, 608 P.2d 309. At the supreme court, appellants argued that because the "primary issue" in the case involved the interpretation of a statute, which is a question of law for the courts to resolve, "the exhaustion doctrine [wa]s inapplicable" and the superior court had erred by dismissing the action. *Minor*, 125 Ariz. at 172, 608 P.2d at 311. Although the language was the same in the statute and ordinance, in *Minor* the issue was the interpretation of the county ordinance.

¶9 The supreme court concluded the parties were required to exhaust their administrative remedies because A.R.S. § 11-807, now § 11-816, *see* 2010 Ariz. Sess. Laws, ch. 244, § 7; 2011 Ariz. Sess. Laws, ch. 124, § 5, gave the board of adjustment the authority to interpret county zoning ordinances. *Minor*, 125 Ariz. at 172, 608 P.2d at 311. The court reasoned, "Where a board is specifically empowered to act by the Legislature, the board should act before recourse is had to the courts." *Id.*

¶10 Here, the parties sued each other for a declaratory judgment of their rights under § 11-812. And the Graham County Planning and Zoning Ordinances explicitly rely on what is now § 11-812 and provide the same exemption for "railroad, mining, [or] metallurgical . . . purposes." As in *Minor*, the board of adjustment has the authority under § 11-816 to determine whether the exemption prescribed by § 11-812(A)(2) applies. As our supreme court stated in *Minor*, "The doctrine of exhaustion of administrative remedies applies where a claim is cognizable in the first instance by the

5

administrative agency," which it is here. 125 Ariz. at 172, 608 P.2d at 311. Thus, "judicial interpretation is withheld until the administrative process has run its course." *Id*. Although Freeport brought an action for a declaratory judgment under the statute, whereas the planning department in *Minor* decided to grant the permit based on the county ordinance, it would be incongruous to allow the parties to avoid the administrative process by suing under the statute before any county administrative proceedings have occurred when the supreme court has held that parties in such disputes are required to exhaust their administrative remedies once they begin them. A procedure for obtaining administrative review existed here and Freeport and Langley were required to exhaust their administrative remedies before seeking a judicial determination of their rights.

¶11 At oral argument, Freeport countered that it had utilized the administrative process. It relied on a September 25 memorandum written by the Graham County Community Development Director to the Graham County Manager routed through the Graham County Attorney. Freeport further reasoned that because the county agreed that Freeport's intended use was exempt from zoning requirements, Langley, not Freeport, was the party aggrieved by the county "action" under Graham County Zoning Ordinance 5.7.3 and only Langley had failed to exhaust its administrative remedies.

¶12 Ordinance 5.7.3 requires that "Appeals to the Board of Adjustment from action by the . . . Planning Director shall be made within 60 days of the actions forming the basis for the Appeal." However, ordinance 5.7.2 sets forth the power of the board of adjustment and under subsection 2(c) gives it authority to "[h]ear and decide appeals from any order, requirement, decision, grant or refusal of the Zoning Inspector, or the

Planning Director." Ordinance 5.7.2 also permits the board to interpret an ordinance if a dispute between an appellant in the administrative process and an enforcing officer arises or to allow a variance from an ordinance. We conclude that "actions forming the basis for the Appeal" in 5.7.3 refers to the actions made appealable in 5.7.2: "any order, requirement, decision, grant or refusal of the Zoning Inspector, or the Planning Director" or disputes with an enforcing officer.

¶13        On September 25, 2009, the director wrote a "memo" to the county manager, stating that it "reviews the extent of . . . discussions" between the director and the county attorney as well as the director's "opinions" on Freeport's intended construction. In a later declaration, the director refers to the letter as "a written memorandum" and states that he provided Freeport a copy of the memorandum on April 13, 2010. On June 17, 2010, Langley wrote a letter to the county attorney about the memorandum and requested a letter on the county's position in the matter.[2]

¶14        Based on the record before us, we conclude the September memorandum does not constitute an appealable action. First, Freeport has not identified any county administrative process from which the memorandum arose. It therefore does not appear from the record that any administrative process was utilized. Second, in the absence of any administrative process, the letter does not appear on its face to be an "order, requirement, decision, grant or refusal" under 5.7.2. Third, the internal memorandum

---

[2]At oral argument Freeport stated that Langley wrote an initial letter on April 28, 2010, but also conceded this letter was not in the record. Because this letter was not before the trial court, we will not consider it. *See Pioneer Annuity Life Ins. Co. v. Rich*, 179 Ariz. 462, 468, 880 P.2d 682, 688 (App. 1994).

from the director was addressed to the county manager and was not sent to either party for at least six months. But 5.7.3 contains a fixed deadline of sixty days within which a party must appeal. And the memorandum did not state that appeal rights would begin to run as of the memorandum's date. The failure to send the memorandum to either party or provide notice of appeal rights constitutes evidence this was not an appealable action. Thus, Langley did not fail to exhaust its administrative remedies because the administrative process never began. We reject Freeport's position and, based on *Minor*, conclude the parties are required to go through the administrative process before resorting to the courts.

¶15 At oral argument, Freeport argued we should determine Langley's standing regardless of the outcome on exhaustion of remedies but concedes that Langley would not have to establish special damages in an administrative zoning process. But because we do not issue advisory opinions or decide unnecessary issues, we decline to address Langley's standing to defend a declaratory judgment. *See Progressive Specialty Ins. Co. v. Farmers Ins. Co. of Ariz.*, 143 Ariz. 547, 548, 694 P.2d 835, 836 (App. 1985).

¶16 Also at oral argument, as to the nuisance and invasion claim, Langley stated it had brought those claims as compulsory counterclaims to Freeport's declaratory judgment action. It conceded that, if the parties were required to utilize administrative processes, it could not go forward on its claims of nuisance and invasion. Because we conclude the parties were required to exhaust their administrative remedies before resorting to the courts, we need not decide whether the trial court properly found against Langley on its claims. Furthermore, the merits of Langley's claim could be affected by

8

the result of the administrative proceedings. Accordingly, we return the parties to the status quo ante and vacate the trial court's dismissal of the nuisance and invasion claims. *Cf. St. Mary's Hosp. & Health Center v. State*, 150 Ariz. 8, 10-11, 721 P.2d 666, 668-69 (App. 1986) (when claims "inextricably intertwined" with claims requiring exhaustion of remedies, all claims must utilize administrative processes).

**Conclusion**

**¶17**         For the foregoing reasons, we vacate the trial court's declaratory judgment and summary judgment in favor of Freeport and remand to the trial court to dismiss this case.

/s/ Joseph W. Howard
JOSEPH W. HOWARD, Chief Judge

CONCURRING:

/s/ Peter J. Eckerstrom
PETER J. ECKERSTROM, Presiding Judge

/s/ J. William Brammer, Jr.
J. WILLIAM BRAMMER, JR., Judge