NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MOLLIE HINTZE, *Plaintiff/Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY,[1] *Defendant/Appellee.*

No. 1 CA-CV 13-0670
FILED 10-16-2014

Appeal from the Superior Court in Maricopa County
No. CV2013-092754
The Honorable Mark F. Aceto, Judge

**AFFIRMED**

COUNSEL

Mollie Hintze, Chandler
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Defendant/Appellee*

---

[1] Pursuant to S.B. 1001, Section 157, 51st Leg., 2nd Spec. Sess. (Ariz. 2014)
(enacted), the Department of Child Safety is substituted for the Arizona
Department of Economic Security in this matter. *See* ARCAP 27.

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Michael J. Brown joined.

**J O N E S**, Judge:

**¶1** Mollie Hintze appeals the trial court's dismissal of her complaint for lack of subject matter jurisdiction. Because Hintze failed to exhaust, or even pursue, available administrative remedies prior to filing her complaint, we affirm.

**FACTS[2] AND PROCEDURAL HISTORY**

**¶2** The Department of Child Safety (DCS) received a report in June 2012 alleging Hintze had neglected her eighteen-month-old child. DCS investigated the allegations and provided notification to Hintze in January 2013 that it proposed to substantiate the report. It advised her that information regarding her right to appeal that decision would be forthcoming.

**¶3** On January 24, 2013, DCS sent another letter to Hintze advising her it intended to substantiate the June 2012 report and enter the finding in its confidential registry. The remainder of this letter detailed the administrative review process. Specifically, Hintze was advised that if she disagreed with the finding, she could request a hearing before an administrative law judge within fourteen days. The letter also stated that, without a timely hearing request, the findings would be entered into the registry.

**¶4** Hintze did not request a hearing. Instead, she allowed the fourteen-day period to expire, and then filed a complaint against DCS in the trial court based upon the letters she received.

**¶5** DCS filed a motion seeking dismissal of Hintze's complaint for lack of subject matter jurisdiction as Hintze had not exhausted the

---

[2] When reviewing the trial court's judgment granting a Rule 12(b)(6) motion to dismiss, we view the facts alleged in the complaint as true. *Mattison v. Johnston*, 152 Ariz. 109, 114, 730 P.2d 286, 291 (App. 1986)

administrative remedies detailed in the January 24, 2013 letter. Hintze did not respond or otherwise object to the motion, and it was granted by the trial court. Hintze timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12-2101(A)(1).[3]

**DISCUSSION**

¶6 We review a dismissal for lack of subject matter jurisdiction de novo. *Church of Isaiah 58 Project of Ariz., Inc. v. La Paz Cnty.*, 233 Ariz. 460, 462, ¶ 9, 314 P.3d 806, 808 (App. 2013). "[W]hether the failure to exhaust administrative remedies bars a civil action is a question of law" that we also review de novo. *Bailey-Null v. ValueOptions*, 221 Ariz. 63, 67, ¶ 7, 209 P.2d 1059, 1063 (App. 2009). Factual determinations are upheld where supported by substantial evidence. *Sw. Soil Remediation, Inc. v. City of Tucson*, 201 Ariz. 438, 442, ¶ 12, 36 P.3d 1208, 1212 (App. 2001).

¶7 Under the doctrine of exhaustion of remedies, if a statute establishes an administrative review procedure, the statute dictates when judicial review is available, and when the parties must first utilize the established procedures. *Id.* at ¶ 12 (quotations omitted); *see also Freeport McMoRan Corp. v. Langley Eden Farms, L.L.C.*, 228 Ariz. 474, 477, ¶ 10, 268 P.3d 1131, 1134 (App. 2011). If applicable, the trial court lacks jurisdiction "until the administrative process has run its course." *Minor v. Cochise Cnty.*, 125 Ariz. 170, 172, 608 P.2d 309, 311 (1980); *see also Hamilton v. State*, 186 Ariz. 590, 593, 925 P.2d 731, 734 (App. 1996) ("[F]ailure to exhaust administrative remedies deprives the superior court of authority to hear the party's claim.").

¶8 A procedure for obtaining administrative review existed here. Specifically, the Arizona legislature created a statutory hearing process to challenge proposed reports of abuse or neglect of children to the central registry, which requires DCS to provide notification, certain information, and opportunity for a review hearing to persons who are alleged to have abused or neglected a child.[4] A.R.S. § 8-811(A). The

---

[3] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

[4] There are three circumstances in which the person accused of abuse or neglect is not entitled to a hearing within sixty days of her request: (1) when "the person is a party in a civil, criminal or administrative proceeding in which the allegations of abuse or neglect are at issue;" (2) when "[a] court or administrative law judge has made findings as to the

hearing process is governed by the procedures set forth in A.R.S. §§ 41-1092 to -1092.12.  A.R.S. § 8-811(H).

**¶9**      Failure to request a hearing or otherwise contest an administrative decision renders it final.  A.R.S. § 41-1092.08(H) ("A party may appeal a final administrative decision . . . except that if a party has not requested a hearing upon receipt of a notice of appealable agency action . . . the appealable agency action is not subject to judicial review."); *see also In re Harris,* 228 B.R. 740, 744 (Bankr. D. Ariz. 1998) ("A party which fails to exhaust his administrative remedies has no right to hopscotch his case to the Superior Court.").  If no timely appeal is taken, the decision of the agency is "conclusively presumed to be just, reasonable and lawful."  *Hurst v. Bisbee Unified Sch. Dist.,* 125 Ariz. 72, 75, 607 P.2d 391, 394 (App. 1979).

**¶10**      DCS complied with the requirements of § 8-811 by advising Hintze of her right to request a hearing on the finding of neglect, and Hintze was required to exhaust her administrative remedies before seeking a judicial determination of her rights.  She did not do so and, as a result, has waived any right to judicial review of DCS's decision to report substantiated findings of neglect to the central registry.

## CONCLUSION

**¶11**      We agree that the trial court lacked subject matter jurisdiction over Hintze's claims and, therefore, its dismissal of her complaint is affirmed.  As neither party has requested attorneys' fees  on appeal, none are awarded.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh

alleged abuse or neglect;" and (3) when "[a] finding has been made by a court pursuant to [A.R.S. § 8-844(C)] that a child is dependent based upon an allegation of abuse or neglect."  *See* A.R.S. § 8-811(F).  Hintze does not fall within any of these exceptions, and we do not address the application of the exhaustion of remedies doctrine in those contexts.