NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SHAKA, *Plaintiff/Appellant*,

*v.*

CHARLES L. RYAN, Director, Arizona Department of Corrections,
*Defendant/Appellee*.

No. 1 CA-CV 13-0602
FILED 11-18-14

Appeal from the Superior Court in Yuma County
No. S1400CV201300067
The Honorable Lawrence C. Kenworthy, Judge

**AFFIRMED**

COUNSEL

Shaka, San Luis
*Plaintiff/Appellant*

Arizona Attorney General's Office, Tucson
By Paul E. Carter
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge John C. Gemmill joined.

---

**W I N T H R O P**, Judge:

¶1        Shaka, an inmate in the custody of the Arizona Department of Corrections ("ADOC"), appeals the superior court's dismissal of his complaint for special action and declaratory judgment.[1]  Shaka filed his complaint against Charles L. Ryan ("Defendant") in his professional capacity as the Director of the ADOC.  On appeal, Shaka's briefs are almost incomprehensible, but we construe them to allege the superior court violated his rights to due process and religious freedom by requiring him to exhaust administrative remedies before filing this action.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2006, the ADOC implemented a new policy contained in Department Order 909 ("DO 909"), which allowed inmates to possess an unlimited amount of religious books and ten non-religious books.  Shaka alleged that in late 2012, the ADOC issued, but did not post, an inmate notification that rescinded the "unlimited religious book exception" to this policy.  The rescission of this exception effectively established a new policy that allowed inmates to possess ten books total, whether religious or non-religious.   In accordance with ADOC grievance procedures, Shaka submitted an inmate letter attempting to informally resolve his complaint regarding the ten book limitation on January 14, 2013.  Before receiving a response from the ADOC, Shaka filed a complaint for special action and declaratory judgment on January 25, 2013, alleging Defendant's rescission of the unlimited religious books policy would force Shaka to lose "all of his non-religious books, or the majority of his [r]eligious [b]ooks."   In his complaint, Shaka argued that the implementation of the new policy in DO 909 impermissibly hinders his exercise of religious freedom.  Shaka further

---

[1]        Shaka was formerly known as Timothy Malumphy.  *See State v. Malumphy*, 105 Ariz. 200, 461 P.2d 677 (1969).  He is currently serving two concurrent life sentences and a concurrent fifty-year sentence.

alleged that DO 909 allows an inmate to possess three storage boxes for legal materials, and one storage box for personal and religious property. Shaka alleged that he should be allowed to utilize all four boxes to store his religious books, and that such construction of DO 909 would neither frustrate the objective of that Order nor impair ADOC's goal of prison security.

¶3         After filing the complaint for special action and declaratory judgment, Shaka received a response from his informal inmate letter on February 5, 2013, which indicated the new policy had come from a higher authority and could not be changed. Shaka then filed a formal grievance on February 11, 2013. Based on the record before this court, it appears the ADOC denied Shaka's formal request for unlimited religious books that same day, but Shaka did not receive the response until March 18, 2013. Once he received the response, Shaka filed an inmate grievance appeal, which was submitted to the Warden's office on March 19, 2013. On March 29, 2013, the Warden responded to the appeal, indicating Shaka's proposed "solution" violated DO 909, and Shaka could appeal this response to the Defendant within five days. Shaka appealed to the Defendant on April 2, 2013. The Defendant had thirty calendar days from receipt to respond.

¶4         While Shaka's inmate grievance proceeded through the ADOC's administrative process, Defendant filed a response and motion to dismiss Shaka's complaint for special action in the superior court on April 5, 2013. Defendant alleged Shaka had not completed the ADOC's grievance process as a prerequisite to filing his special action. In addition, Defendant stated Shaka was not entitled to special action relief, as the complained-of policy had not been implemented or applied to him. Defendant then responded to Shaka's formal grievance with the ADOC on May 9, 2013, stating Shaka had failed to demonstrate the ten book limit imposed a burden on the exercise of his religious rights. On July 23, 2013, the superior court declined jurisdiction over Shaka's special action and granted Defendant's motion to dismiss, finding Shaka failed to demonstrate that the challenged policy had been applied to him and that he had failed to exhaust his administrative remedies before filing the special action. Shaka timely appealed the superior court's order. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and – 2101 (A)(1) and Arizona Rules of Procedure for Special Actions 8(a).

## ANALYSIS

¶5         Shaka alleges the superior court committed reversible error by (1) refusing to apply "the invited error standard," and (2) refusing to

apply "the harmless error standard." Despite Shaka's proffered issues, we find Shaka's failure to comply with the ADOC's grievance procedures coupled with his failure to show harm by the challenged policy dispositive of this appeal.

¶6  When the superior court declines jurisdiction to determine the merits of a special action, this court will review the superior court's decision for an abuse of discretion. *Bilagody v. Thorneycroft*, 125 Ariz. 88, 92, 607 P.2d 965, 969 (1979). Courts retain the authority to limit the cases taken based on jurisdiction when a party fails to exhaust all of the available administrative remedies. *Minor v. Cochise County*, 125 Ariz. 170, 172, 608 P.2d 309, 311 (1980).

¶7  On January 14, 2013, in accordance with ADOC's grievance procedures, Shaka submitted an inmate letter to informally resolve his complaint. Before receiving a response to his inmate letter, Shaka filed a complaint for special action and declaratory judgment in the superior court. Because Shaka failed to wait to receive a response and subsequently exhaust the ADOC's administrative grievance procedures, the superior court properly declined jurisdiction over Shaka's complaint. During the superior court's processing of Shaka's complaint, however, Shaka's inmate grievance eventually worked its way through the ADOC grievance system. Shaka ultimately received a decision from the Defendant, indicating Shaka had failed to establish that the new policy instituting a ten book limit imposed any burden on the exercise of his religious rights, and further, had failed to establish he had purchased books "in excess of the 10 book limit." Accordingly, the Defendant denied Shaka's request to possess more than ten books.

¶8  Assuming if Shaka had waited to file his complaint for special action and declaratory judgment until *after* he received his final administrative response from the Defendant, on this record, his claim still fails. Nothing in the record indicates the superior court abused its discretion because Shaka has not suffered any harm as a result of the challenged policy.[2] Simply stated and as the superior court found, Shaka

---

[2]  In his response to the Defendant's motion to dismiss, Shaka provided a "Religious Property Inventory" from 2007, which listed approximately 18 books. It is unclear, however, whether this list reflected Shaka's then current religious book inventory. Moreover, Shaka did not present any evidence to the superior court that the ADOC staff had taken any of these books, or that he has been forced to relinquish any of these books from his possession because of the challenged policy.

failed to show the policy had ever been enforced against him. Shaka contends in his briefing on appeal that the policy had been enforced as to other inmates; however, without any evidence that the policy has been applied to him, Shaka simply has no standing to challenge the alleged application of the policy to others. *See generally Sears v. Hull*, 192 Ariz. 65, 69, ¶ 16, 961 P.2d 1013, 1017 (1998) ("To gain standing to bring an action, a plaintiff must allege a distinct and palpable injury. An allegation of generalized harm that is shared alike by all or a large class of citizens generally is not sufficient to confer standing." (internal citation omitted)). Based on this record, the superior court did not abuse its discretion.

## CONCLUSION

¶9          For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : jt