NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RICK ALTON FOLEY,
*Petitioner/Appellant*,

*v.*

STATE OF ARIZONA, et al.,
*Respondents/Appellees*.

No. 1 CA-CV 15-0036
FILED 3-15-2016

Appeal from the Superior Court in Maricopa County
No. LC2014-000037-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Rick Alton Foley, Florence
*Petitioner/Appellant*

Arizona Attorney General's Office, Phoenix
By Neil Singh
*Counsel for Respondents/Appellees*

---

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

---

**O R O Z C O**, Judge:

¶1 Rick Alton Foley appeals the superior court's denial of special action jurisdiction. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2 Foley is incarcerated with the Arizona Department of Corrections (ADOC) in Florence, Arizona. On January 29, 2013, Foley was cited for sending a certified letter to Arizona State Prison Complex (ASPC) Major Josephowicz through the United States Postal Service (USPS) in violation of ADOC Department Order (DO) 916 (Violation 1).

¶3 On February 19 and 27, Foley was again cited for violating DO 916; this time for sending a stamped letter to both ASPC Sergeant D. McClincy and Captain B. Shaw via the USPS (Violations 2 and 3, respectively). On February 28, Foley was cited for attempting to mail postage stamps to a private vendor as payment for legal research materials in violation of DO 914.01 (Violation 4).

¶4 The ADOC held disciplinary hearings on all four citations, and Foley was found guilty of each violation. Foley filed a First Level appeal to the Deputy Warden pursuant to DO 803.09.1.2.4, requesting review of the disciplinary hearing officers' decisions in Violations 1, 2 and 3. The decisions in all three disciplinary hearings were upheld. Although there is no evidence in the record on appeal that Foley filed a First Level appeal on Violation 4, the ADOC nonetheless performed a review and upheld the findings of the hearing officer.

¶5 Foley then filed a Second Level appeal on Violations 2 and 3, pursuant to DO 803.09.1.2.5, permitting an appeal to the Director or a designee. Following review, Foley's Second Level appeals were denied on March 4 and 20, 2013, respectively. Foley did not file a Second Level appeal for Violation 1. There is no evidence in the record on appeal that Foley filed a Second Level appeal on Violation 4.

¶6          On January 22, 2014 Foley filed a special action petition in superior court, claiming that the ADOC failed to follow certain disciplinary procedures as to all four violations.  The court declined to exercise special action jurisdiction because Foley had not exhausted his administrative remedies for Violations 1 and 4 and did not file his claim for Violation 1 promptly.  Foley timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statute (A.R.S.) section 12-120.21.A.4 (West 2016),[1] and Arizona Rule of Procedure for Special Actions 8(a).

## DISCUSSION

### I.      Special Action Jurisdiction

¶7          Foley argues the superior court erred by declining to exercise special action jurisdiction.  We review the superior court's decision to decline special action jurisdiction for an abuse of discretion.  *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2 (App. 2001).

#### A.      Exhaustion Requirement

¶8          "[A] party must exhaust his administrative remedies before appealing to the courts."  *Minor v. Cochise Cty.*, 125 Ariz. 170, 172 (1980).  Under DO 803.09, an inmate may file a First Level appeal from the result of a disciplinary hearing to the Deputy Warden for further review.  *See* DO 803.09.1.2.4.  An inmate may file a Second Level appeal of the Deputy Warden's determination to the Director or designee.  *See* DO 803.09.1.2.5.  After the Director or designee issues a decision on the Second Level appeal, "all administrative remedies shall be considered exhausted[.]"  DO 803.09.1.2.5.4.

¶9          Foley admits, and the superior court agreed, that he failed to exhaust his remedies as to Violation 4.  Therefore, denial of special action jurisdiction as to Violation 4 was proper.

#### B.      Timeliness of Special Action

¶10          The superior court may consider the timeliness of an action in determining whether to accept jurisdiction of a special action petition.  *See* *Cicoria v. Cole*, 222 Ariz. 428, 430, ¶ 8 (App. 2009).  The superior court

---

[1]      We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

declined special action jurisdiction as to Violation 1 because it found Foley did not file his petition for special action until almost a year after he contends he exhausted his remedies. We find the superior court did not err in declining jurisdiction for Violation 1, as a result of the delay.

¶11　　　　While the superior court did not make specific findings as to Violations 2 and 3, we uphold the court's determination "for any valid reason disclosed by the record." *State ex. rel. Ariz. Dep't. of Econ. Sec. v. Kennedy*, 143 Ariz. 341, 345 (App. 1985). The record reflects Foley was notified that the Second Level appeals filed for Violations 2 and 3 were denied on March 3 and 20, 2013, respectively, yet he did not file his special action with the superior court until almost a year later. On appeal, Foley provides no explanation as to why he waited nearly a year to file his special action petition, other than to say he was "not provided a copy of [the] final level Appeal decision," but he included copies of the Second Level appeal responses from the ADOC for both Violations 2 and 3 in his petition for special action. Although he argued in his reply brief that the prison delivery system sometimes takes months, a handwritten note on ADOC's notification of the Second Level appeal denial attached to Foley's special action petition indicates the document was received on April 9, 2013. Based on the record on appeal, we find that the superior court did not err in declining special action jurisdiction as to Violations 2 and 3 for failure to timely request relief.

**CONCLUSION**

¶12　　　　For the foregoing reasons, we affirm the superior court's declination of special action jurisdiction.



Ruth A. Willingham · Clerk of the Court
FILED: ama

4