NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LUCA BRANUM,
*Plaintiff/Appellant*,

*v.*

UNITED HEALTHCARE COMMUNITY PLAN,
*Defendant/Appellee*.

No. 1 CA-CV 20-0096

FILED 12-17-2020

Appeal from the Superior Court in Maricopa County
No.  CV2018-054151
The Honorable Lisa Daniel Flores, Judge, *Retired*

**AFFIRMED**

COUNSEL

Luca Branum
*Plaintiff/Appellant*

Gallagher & Kennedy, P.A., Phoenix
By Mark C. Dangerfield, Kevin E. O'Malley
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A**, Judge:

¶1        Plaintiff Luca Branum appeals the superior court's entry of judgment for defendant United Healthcare Community Plan (United). Because Branum has shown no error, the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        Branum is the mother of C.B., who receives medical services through the Arizona Health Care Cost Containment System (AHCCCS), including Arizona Long Term Care System (ALTCS) services. C.B. is an enrolled member of United, an AHCCCS-approved contractor, which subsidizes the services C.B. receives from ALTCS.

¶3        In April 2014, United assessed C.B. and approved 15 hours of weekly attendant care services. In May 2014, United confirmed C.B. was approved to receive 15 hours of weekly services and asked Branum if the 15 hours "would work for [Branum] and" C.B. In response, Branum answered it would, "as long as we're able to choose the hours during the week." Meanwhile, United sent a September 15, 2014 Notice of Action stating it would pay for 15 hours of weekly services. The Notice of Action stated if Branum was "not happy with this decision," she could appeal over the phone or in writing but needed to do so by November 14, 2014 (within 60 days). Branum did not timely appeal that decision. As a result, C.B. then received 15 hours of weekly services for many months.[1]

¶4        In October 2018, Branum filed this complaint in superior court. Branum's complaint alleged various failures by United, including wrongfully denying various changes in services for C.B. (including the number of weekly hours of services). United moved to dismiss, arguing

---

[1] In August 2015, Branum sought to increase the weekly services for C.B. After administrative proceedings, Branum obtained a December 2016 AHCCCS Decision that C.B. was entitled to 55 hours of weekly services retroactive to August 2015. That determination is not at issue here.

Branum failed to exhaust her administrative remedies. The court granted that motion in part, dismissing all claims except those arising from services for C.B. "for 2014 and 2015." As to the claims for 2014 and 2015, the court stated there was insufficient evidence to show Branum "was given the opportunity to pursue remedies through an administrative review process."

**¶5**      After discovery, United moved for summary judgment on the remaining claims, again arguing Branum failed to exhaust her administrative remedies because she failed to follow the appeal procedures established by AHCCCS. United also argued Branum's claims were time-barred. The court granted United's motion for summary judgment, finding there was no factual dispute that:

> during the period of time from May 2014 to July 2015:
>
> 1) Plaintiff received an e-mail dated May 15, 2014, which stated that Defendant had approved 15 hours per week of attendant care services for her son; Plaintiff responded that 15 hours "would work."
>
> 2) Plaintiff received a September 15, 2014 "Notice of Action" which stated that Defendant would provide her son 15 hours per week of attendant care service, and that if she were "not happy" she had 60 days to appeal the decision. She did not appeal.
>
> 3) On July 30, 2014, November 12, 2014, February 27, 2015 and June 5, 2015, Plaintiff signed forms stating that her son's needs were being met and she was satisfied with the service provided.
>
> 4) Plaintiff did not offer any evidence that, prior to August 2015, she asked Defendant to increase the 15 hours per week of attendant care hours for her son.
>
> Because Plaintiff failed to exhaust her administrative remedies, the Court lacks subject matter jurisdiction to consider this matter.

The court also found Branum's claims were time-barred because they were submitted more than six months after the date the services were rendered. *See* Ariz. Rev. Stat. (A.R.S.) § 36-2904(G) (2020).[2] The court also found Branum's claims, while appearing in the complaint to be contract claims, were statutory claims given the program providing services to C.B. was created by statute. Accordingly, the court concluded, Branum's claims were subject to a one-year statute of limitations and were untimely. *See* A.R.S. § 12-541(5).

¶6　　　　After entry of a final judgment, Branum appealed. This court has jurisdiction over Branum's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.　　Branum's Complaint Was Not Timely.

¶7　　　　The superior court properly found Branum's complaint asserted statutory claims, because AHCCCS (and thus any possible liability for United) was created by the Arizona Legislature in A.R.S. Title 36, Chapter 29. As a result, the court properly found her claims were subject to a one-year statute of limitations. A.R.S. § 12-541(5). Under that one-year limitations period, the court found Branum's claims (which challenged 2014 and 2015 issues) were time-barred because her complaint was not filed until 2018.

¶8　　　　Apart from the one-year limitations period, A.R.S. section 36-2904(G) specifically prohibits United from paying "claims for system covered services that are initially submitted more than six months after the date of the service for which payment is claimed." Branum did not dispute the applicability of these statutes, nor does she dispute their applicability on appeal. Accordingly, the court properly found Branum's claims were not timely.

### II.　　The Superior Court Properly Found Branum Failed To Exhaust Her Administrative Remedies.

¶9　　　　Summary judgment is proper where "the moving party shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

56(a). Here, United argued Branum's claims failed because she did not exhaust her administrative remedies. "[L]itigants may not seek 'judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Moulton v. Napolitano*, 205 Ariz. 506, 511 ¶ 9 (App. 2003) (citing cases). When a litigant has failed to exhaust administrative remedies, the action should be dismissed. *See Minor v. Cochise Cty.*, 125 Ariz. 170, 172 (1980). Exhaustion is required when an administrative agency has original jurisdiction over the subject matter; in other words, "whether the agency is specifically empowered to act by the Legislature." *Moulton*, 205 Ariz. at 511 ¶ 10 (quotations omitted). As applicable here, claims by AHCCCS participants "must first be presented to and determined by AHCCCS." *St. Mary's Hosp. and Health Ctr. v. State of Arizona*, 150 Ariz. 8, 9 (App. 1986).

¶10          Branum does not dispute that the record before the superior court showed United sent a Notice of Action on September 15, 2014 approving 15 hours of weekly services and stating she had 60 days to challenge that notice if she wished to do so. The record further shows that Branum did not dispute that notice within 60 days (November 14, 2014). *See* Ariz. Admin. Code R9-34-209. Because she failed to do so, she failed to exhaust her administrative remedies and, as a result, could not press those claims in superior court. *Moulton*, 205 Ariz. at 511 ¶ 9. Thus, the superior court did not err in dismissing Branum's claims.

**CONCLUSION**

¶11          The judgment dismissing Branum's claims is affirmed.

