870 P.2d 1198

**CIRCLE K CONVENIENCE STORES, INC., a corporation, Plaintiff/Appellee,**

**v.**

**CITY OF PHOENIX, a municipal corporation; Terry Goddard, Mayor; William S. Parks, M.D., Councilman; Duane Pell, Councilman; Paul Johnson, Councilman; John B. Nelson, Councilman; Howard Adams, Councilman; Linda Nadolski, Councilwoman; Mary Rose Wilcox, Councilwoman; Calvin C. Goode, Councilman, Defendants/Appellants.**

**No. 2 CA–CV 90–0097.**

Court of Appeals of Arizona, Division 2, Department B.

Dec. 30, 1993.

Review Denied April 19, 1994.

Perry, Pierson & Kolsrud by Russell A. Kolsrud, Phoenix, for plaintiff/appellee.

Roderick G. McDougall, Phoenix City Atty. by Edward P. Reeder, Phoenix, for defendants/appellants.

**OPINION**

DRUKE, Chief Judge.

In this appeal, we decide that The Circle K Corporation (Circle K)[1] is not entitled to recover attorney's fees from the City of Phoenix under A.R.S. § 12–2030. The undisputed facts are as follows.

In early June 1988, Circle K applied to the city for a beer and wine permit. On June 30, the permit was denied by the city's zoning administrator. Circle K appealed to the board of adjustment, which granted the permit on September 1. On September 8, the

---

1. Circle K was known previously as Circle K  Convenience Stores, Inc.

board's decision was appealed to the city council. It conducted a de novo review on November 2, 1988, and reversed the board's decision. Circle K then filed a complaint for special action in the superior court, which granted judgment to Circle K after cross-motions for summary judgment. The city filed a timely appeal, which was stayed until recently due to Circle K's bankruptcy proceedings.

The appeal raises two issues: (1) whether the city council properly reviewed the decision of the board of adjustment, and (2) whether Circle K was properly awarded attorney's fees under A.R.S. § 12–2030. During the bankruptcy stay, the first issue became moot. *Lane v. City of Phoenix,* 169 Ariz. 37, 816 P.2d 934 (App.1991) (improper for city council to conduct de novo review of board of adjustment decision). Accordingly, we address only the attorney's fee issue, which the parties agree is not moot. *See Exodyne Properties, Inc. v. City of Phoenix,* 165 Ariz. 373, 798 P.2d 1382 (App.1990).

■ Circle K sought special action relief from the city council's decision pursuant to A.R.S. § 9–462.06(K). It prevailed and was awarded attorney's fees of $10,455.75. Its award, however, cannot be based on A.R.S. § 9–462.06(K) because that section does not authorize an award of attorney's fees. Attorney's fees may only be awarded when specifically authorized by statute or contract. *Colvin v. Superior Equipment Co.,* 96 Ariz. 113, 392 P.2d 778 (1964); *In re Balke's Estate,* 68 Ariz. 373, 206 P.2d 732 (1949). Circle K contends, however, that its award is authorized by A.R.S. § 12–2030, which requires an award of attorney's fees to the prevailing, non-governmental party on a writ of mandamus. Circle K argues that it sought such relief by its special action. We disagree.

■ Arizona recognizes two distinct types of special action. Ariz.R.P.Spec. Action 1, 17B A.R.S. The first type, known simply as a special action, encompasses the traditional writs of certiorari, mandamus, and prohibition.

Relief previously obtained against a body, officer, or person by writs of certiorari, mandamus, or prohibition ... shall be obtained in an action under this Rule, and any reference in any statute or rule to any of these writs, *unless excepted in the next subsection,* shall be deemed to refer to the special action authorized under this Rule.

Ariz.R.P.Spec. Action 1(a), 17B A.R.S. (Emphasis added.) The second type, described in "the next subsection," is a statutory special action.

Where a statute expressly authorizes proceedings under certiorari, mandamus, or prohibition, the proceedings shall be known as a statutory special action, as distinguished from those applications for writs of certiorari, mandamus, or prohibition, originating under A.R.S. §§ 12–2001, 12–2029 or the common law, which are special actions.

Ariz.R.P.Spec. Action 1(b), 17B A.R.S. Unlike special actions, statutory special actions "are not at all discretionary and they are not subordinate to a right of appeal—they are the right of appeal." Ariz.R.P.Spec. Action 1 state bar committee note at 192. *See also Book Cellar, Inc. v. City of Phoenix,* 139 Ariz. 332, 678 P.2d 517 (App.1984).

This case involves a statutory special action. As indicated above, Circle K filed its special action pursuant to A.R.S. § 9–462.-06(K), which expressly authorizes "[a] person aggrieved by a decision of the [city council to] ... file a complaint for special action in the superior court to review the [council's] decision." Accordingly, A.R.S. § 12–2030 has no application here. It is a part of the Arizona statutes involving the traditional writ of mandamus. A.R.S. §§ 12–2021 through 12–2030.

Moreover, mandamus seeks "to compel ... performance of an act which the law specially imposes as a duty." A.R.S. § 12–2021. That was not the nature of the relief sought here. Rather, the relief sought was certiorari, which provides relief "when an inferior tribunal, board or officer, exercising judicial functions, has exceeded its jurisdiction." A.R.S. § 12–2001. That occurred when the city council heard the appeal from the board of adjustment. *See U.S. Parking Systems v. City of Phoenix,* 160 Ariz. 210, 772 P.2d 33 (App.1989).

For the foregoing reasons, the award of attorney's fees to Circle K pursuant to A.R.S. § 12–2030 is reversed.

ESPINOSA, P.J., and HATHAWAY, J., concur.