SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| STAGECOACH TRAILS MHC, L.L.C., | )   Arizona Supreme Court |
| | )   No. CV-12-0241-PR |
| Plaintiff/Appellee, | ) |
| | )   Court of Appeals |
| v. | )   Division Two |
| | )   No. 2 CA-CV 11-0085 |
| CITY OF BENSON, a municipal | ) |
| corporation; CITY OF BENSON | )   Cochise County |
| BOARD OF ADJUSTMENT, a body | )   Superior Court |
| politic; and BRAD HAMILTON, | )   No. CV-201000395 |
| Zoning Administrator for the | ) |
| City of Benson, | ) |
| | ) |
| Defendants/Appellants. | )   **O P I N I O N** |
| | ) |
| _____ | ) |

Appeal from the Superior Court in Cochise County
The Honorable Stephen M. Desens, Judge
The Honorable Wallace R. Hoggatt, Judge

**VACATED**

_____

Opinion of the Court of Appeals Division Two
229 Ariz. 536, 278 P.3d 314 (2012)

**VACATED AND REMANDED**

_____


LEWIS AND ROCA LLP                                        Tucson
      By    John C. Hinderaker
            Kimberly A. Demarchi
            Jeffrey L. Sklar
Attorneys for Stagecoach Trails MHC, L.L.C.

SIMS MURRAY                                              Phoenix
      By    Jeffrey T. Murray
            Kristin M. Mackin
Attorneys for City of Benson, City of Benson Board of
Adjustment, and Brad Hamilton

LEAGUE OF ARIZONA CITIES AND TOWNS                          Phoenix
    By    Joni L. Hoffman

and

SORENSEN LAW, PLLC                                          Phoenix
    By    Lesli Sorensen

Attorneys for Amicus Curiae League of Arizona Cities and Towns

_____

**B A L E S**, Vice Chief Justice

¶1      This case involves Stagecoach Trails MHC, L.L.C.'s quest for a permit to install a new home in its manufactured home park after a space became vacant.  A key issue is whether the entire park, or only an individual space therein, is a nonconforming use, exempt under A.R.S. § 9-462.02(A) from complying with provisions of the City of Benson's zoning code. The trial court ruled that the entire park is a nonconforming use, but the court of appeals declined to address that issue, ruling that the trial court lacked jurisdiction over certain claims because they had not been administratively exhausted.

¶2      We hold that the trial court properly exercised jurisdiction.  Accordingly, we vacate the opinion of the court of appeals and remand to that court to consider, among any other issues, whether the park as a whole or an individual space is the nonconforming use.  We also hold that Stagecoach is not entitled to an award of attorney fees under A.R.S. § 12-2030 because this is not a mandamus action.

¶3        Stagecoach operates a 50-space manufactured home park in Benson.  In 1998, the City amended § 16 of the Benson Zoning Regulations to increase the size and setback requirements for spaces within manufactured home parks.  The City did not initially apply the amendments to existing parks, but it notified park operators in 2009 that it would begin enforcing the requirements when individual homes were replaced.

¶4        Municipal zoning regulations are subject to A.R.S. § 9-462.02(A), which provides that "[n]othing in [such regulations] shall affect existing property or the right to its continued use for the purpose used at the time the . . . regulation takes effect, nor to any reasonable repairs or alterations in buildings or property used for such existing purpose."  The right to continue a nonconforming use, however, does not authorize a different use inconsistent with zoning regulations.  *Outdoor Sys., Inc. v. City of Mesa*, 169 Ariz. 301, 308, 819 P.2d 44, 51 (1991); Patricia E. Salkin, 2 American Law of Zoning § 12.36 (5th ed. 2012).

¶5        In January 2010, Stagecoach applied for a permit to install a manufactured home on space 27 after the space became vacant.  The City's zoning administrator denied the application, asking Stagecoach to show that the home would comply with amended § 16 because, under § 18 of the City's zoning

3

regulations, a new building must conform to existing regulations when it replaces a building that was a nonconforming use. The zoning administrator directed Stagecoach to show, among other things, that the new manufactured home would meet setback requirements applicable to lots in an R-3 District and have two improved parking spaces. (Apart from § 16, the City's zoning code in § 7 identifies requirements for areas designated as R-3 Residential Districts.)

¶6 Stagecoach appealed the permit denial to the City's Board of Adjustment ("BOA"), arguing that the entire park is a nonconforming use under § 9-462.02(A) and that it was entitled to replace an individual home without relinquishing the nonconforming-use status. Rejecting this argument, the BOA agreed with the City that the particular space was the nonconforming use and affirmed the zoning administrator's denial of the permit.

¶7 Stagecoach then filed a two-count special action in superior court. Count I asked the court to declare the amended § 16 invalid, to direct the zoning administrator to process or grant the permit without applying that section, and to award Stagecoach its attorney fees and costs under § 12-2030. Count II appealed the BOA's decision under A.R.S. § 9-462.06(K), arguing that even if the amendments to § 16 were valid, the regulation did not apply because the park was a nonconforming

4

use under § 9-462.02(A) and § 18 of the Benson zoning regulations.

**¶8** After Stagecoach sued, the City acknowledged that the amendments to § 16 had not been properly adopted. The zoning administrator then sent Stagecoach a letter in July 2010 stating that the permit application had been reconsidered without regard to the amended § 16 and was being denied because the site plan did not, among other things, show that space 27 would conform to the setback requirements for the R-3 District.

**¶9** The City filed a motion asking the trial court to declare Count I moot because, regardless of the validity of the amended § 16, the City would not issue the permit. The court denied the motion and, instead, granted partial summary judgment to Stagecoach, ruling that the 1998 amendments to § 16 were void. Stagecoach then filed a supplemental special action complaint challenging the reasons for denial outlined in the City's July 2010 letter and asking the court to direct the zoning administrator to issue the permit.

**¶10** The City issued another letter to Stagecoach in September 2010, again explaining that space 27 did not comply with the City's zoning requirements for an R-3 District. With regard to the denial of the permit, the September 2010 letter was identical to the January 2010 letter except the September letter (1) did not refer to size requirements for individual

5

spaces imposed by the amended § 16, (2) explained how R–3 setback requirements should be measured, and (3) required Stagecoach to identify one improved parking space instead of two. Stagecoach filed a second supplemental special action complaint challenging the permit denial in the September 2010 letter.

¶11    The trial court denied the City's motions to dismiss the supplemental special action complaints. It ruled that the BOA had considered not only the application of amended § 16, but also whether Stagecoach had a right to place a new manufactured home on space 27 as a nonconforming use. Accordingly, the trial court ruled that Stagecoach had properly exhausted its administrative remedies and was not required to bring the issues raised in the zoning administrator's two additional letters before the BOA. The court ordered the City to issue the permit, characterizing the order as equitable relief in the nature of mandamus, and awarded attorney fees and costs to Stagecoach.

¶12    The City appealed. The court of appeals reversed the trial court's denial of the City's motion to dismiss the two supplemental special action claims, its grant of mandamus relief, and its award of attorney fees. *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 229 Ariz. 536, 543 ¶ 27, 278 P.3d 314, 321 (App. 2012). Noting that judicial review of BOA decisions is limited to the record before the board at the time of its

6

decision, *see* A.R.S. § 9-462.06(K), the court of appeals stated that the BOA had not considered whether space 27 would have been a legal use before the adoption of the amended § 16. *Stagecoach*, 229 Ariz. at 539-40 ¶¶ 15, 17-18, 278 P.3d at 317-18. It therefore held that the trial court did not have jurisdiction to consider the letters of July and September 2010 outlining additional reasons for denying the permit because those issues had not been administratively exhausted under § 9-462.06. *Id*. at 540-41 ¶ 19, 287 P.3d at 318-19. Because Stagecoach had not obtained relief in the nature of mandamus, the court of appeals also held that the trial court erred in granting mandamus relief and awarding attorney fees under A.R.S. § 12-2030. *Id*. at 542 ¶¶ 23-24, 287 P.2d at 320.

¶13 We granted Stagecoach's petition for review to address the exhaustion requirement and the recovery of fees under § 12-2030. We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

¶14 A party must exhaust available administrative remedies "before appealing to the courts." *Minor v. Cochise Cnty.*, 125 Ariz. 170, 172, 608 P.2d 309, 311 (1980). Consistent with this principle, trial courts generally lack jurisdiction to review challenges to a zoning administrator's decision that have not been appealed to the board of adjustment. *See, e.g., Neal v.*

7

*City of Kingman*, 169 Ariz. 133, 136, 817 P.2d 937, 940 (1991) (holding that under § 9-462.06, a trial court can only review claims litigated before the board of adjustment and may not review additional claims not raised before the board); *Sw. Soil Remediation, Inc. v. City of Tucson*, 201 Ariz. 438, 442 ¶ 16, 36 P.3d 1208, 1212 (App. 2001) (holding that trial court lacked jurisdiction over claims in supplemental complaint seeking to challenge zoning administrator's decision without first appealing to board of adjustment). The court of appeals relied on this rule to conclude that the trial court lacked jurisdiction to review the zoning administrator's denial of a permit in the July and September 2010 letters. *Stagecoach*, 229 Ariz. at 540 ¶¶ 17-18, 278 P.3d at 318.

¶15     We agree with the trial court that Stagecoach was not required to appeal again to the BOA after the zoning administrator reaffirmed his earlier denial of a permit. The parties, although differing on many issues, have consistently recognized that a key issue is whether the entire park or instead an individual space is the nonconforming use. Stagecoach has never argued that the new manufactured home on space 27 will comply with the R-3 setback requirements or any requirement for improved parking spaces. Instead, Stagecoach has argued that these requirements do not apply because the entire park is the nonconforming use and replacing individual

8

manufactured homes within the park is merely a continuation of the existing use that does not alter the park's nonconforming status. In contrast, the City argues that, because the individual space is the nonconforming use, placing a new home on the space is a different use that must satisfy current zoning requirements. The City has not argued, however, that if the park is the nonconforming use, replacing an individual home would alter the use and subject the park, and each space, to current zoning regulations.

**¶16** Stagecoach raised the nonconforming-use issue before the BOA in April 2010, but the BOA agreed with the City that the individual space, not the entire park, was the nonconforming use, and therefore setbacks and other requirements could be imposed when a home is replaced. Stagecoach challenged this determination in the trial court. After recognizing that the amendments to § 16 were invalid, the City reaffirmed its denial of a permit on the theory that, because the space was the nonconforming use, the R-3 District requirements apply to the installation of a new manufactured home. No purpose would have been served by requiring Stagecoach to appeal the July and September 2010 letters to the BOA, which had already rejected Stagecoach's arguments that space 27 was not subject to these requirements. Exhaustion is not required when the pursuit of administrative remedies would be futile. *See Minor*, 125 Ariz.

at 173, 608 P.2d at 312; *Estate of Bohn v. Waddell*, 174 Ariz. 239, 248, 848 P.2d 324, 333 (App. 1992).

**¶17**     In these circumstances, the trial court properly exercised jurisdiction over Stagecoach's initial and supplemental special-action claims. Accordingly, we remand the case to the court of appeals to address whether Stagecoach's entire park or only each space is entitled to nonconforming-use status. Our remand does not preclude the court of appeals from addressing other issues, not decided here, properly raised by the City in appealing from the trial court's judgment or by Stagecoach in responding to the appeal.

### III.

**¶18**     We turn to the award of attorney fees under § 12-2030. This statute requires a court to award fees to a party that "prevails by an adjudication on the merits in a civil action brought by the party . . . to compel a state officer or any officer of any political subdivision of this state to perform an act imposed by law as a duty on the officer." Fees are awardable under § 12-2030 in actions that either seek relief in the nature of mandamus or are statutorily designated as mandamus actions. *See* A.R.S. § 19-121.03(A) (authorizing mandamus action to compel election officer to certify ballot measure); *Fleischman v. Protect Our City*, 214 Ariz. 406, 410 ¶ 26, 153 P.3d 1035, 1039 (2007) (holding § 12-2030 does not authorize fee

10

award in action under § 19-121.03(B) challenging officer's completed certification).

**¶19** An action is in the nature of mandamus if it seeks to compel a public official to perform a non-discretionary duty imposed by law. *Sears v. Hull*, 192 Ariz. 65, 68 ¶ 11, 961 P.2d 1013, 1016 (1998); *see also Marbury v. Madison*, 5 U.S. 137, 169 (1803) (discussing nature of mandamus); A.R.S. § 12-2021 (authorizing writ of mandamus to compel "performance of an act which the law specially imposes as a duty resulting from an office, trust or station"). An application for mandamus, however, is not a substitute for an appeal challenging an administrative decision, which instead proceeds through a statutory appeal or an action for writ of certiorari. *See* A.R.S. § 12-2001; *Rosenberg v. Ariz. Bd. of Regents*, 118 Ariz. 489, 493, 578 P.2d 168, 172 (1978).

**¶20** Stagecoach alleged two counts in its special action complaints. Count II sought review of the BOA's decision pursuant to § 9-462.06(K), but that statute does not authorize a mandamus action or relief in the nature of mandamus and thus cannot support a fee award under § 12-2030. Count I sought a declaratory judgment invalidating the amendments to § 16 and a determination that the zoning administrator had not properly applied the zoning regulations in denying a permit. Count I also sought "mandamus" directing the zoning administrator to

11

process the application or issue the permit notwithstanding the reasons for denial noted in his letters.

**¶21** Although Stagecoach styled its claim in Count I as one for mandamus, the action does not seek relief in the nature of mandamus. Stagecoach does not challenge an officer's failure to act, but instead contends he either misapplied or misinterpreted the regulations. *Cf. Fleischman,* 214 Ariz. at 410 ¶ 26, 153 P.3d at 1039 (holding fees not awardable under § 12-2030 in action challenging legality of clerk's certification of ballot measure). The zoning administrator complied with his legal duty by considering and acting on Stagecoach's permit application. That Stagecoach challenged the denial does not mean the zoning administrator failed "to perform an act imposed by law." A.R.S. § 12-2030(A); *see also id*. § 12-2021.

**¶22** That Stagecoach might ultimately prevail, and the trial court's order that the City issue a permit for space 27 might be upheld, does not suffice to make this a mandamus action. *Cf. Pedersen v. Bennett*, 230 Ariz. 556, 560 ¶ 21, 288 P.3d 760, 764 (2012) (holding § 12-2030 did not require fee award when plaintiffs ultimately prevailed in action to compel Secretary of State to accept initiative petitions but legal duties were only clarified through litigation itself). A conclusion that an action is one for mandamus merely because a court ultimately orders compliance with its ruling would

12

effectively eliminate the well-recognized distinction between mandamus and actions seeking review of administrative actions. It also would extend the mandatory fee award provisions of § 12-2030 to many contexts in which the legislature apparently intended to apply the fee-award provisions (and limitations) of A.R.S. § 12-348 (authorizing fee awards in certain cases for prevailing parties against the state or cities, towns, or counties).

**¶23**      Our conclusion also comports with other court of appeals' decisions holding that a challenge to a city's denial of a zoning permit is not an action in the nature of mandamus. *See Circle K Convenience Stores, Inc. v. City of Phoenix,* 178 Ariz. 102, 103, 870 P.2d 1198, 1199 (App. 1993); *U.S. Parking Sys. v. City of Phoenix*, 160 Ariz. 210, 213, 772 P.2d 33, 36 (App. 1989).      We disapprove of *Motel 6 Operating Ltd. Partnership v. City of Flagstaff*, 195 Ariz. 569, 572 ¶ 17, 991 P.2d 272, 275 (App. 1999), insofar as that decision suggests that fees are awardable under § 12-2030 merely because a party prevails in challenging a city's denial of a zoning permit.

**¶24**      Because this is not a mandamus action, Stagecoach is not entitled to fees under § 12-2030.  Our decision vacating the trial court's award of fees under this statute is without prejudice to Stagecoach seeking, or the City opposing, an award of fees under other statutes if Stagecoach ultimately prevails.

13

We deny Stagecoach's request for an award of fees under § 12-2030 for the proceedings before this Court.

**IV.**

**¶25**      For the reasons stated, we vacate the opinion of the court of appeals and remand to that court to consider whether the park as a whole or an individual space is entitled to nonconforming-use status and other relevant, unaddressed issues raised in the City's appeal from the trial court's judgment.


_____

Scott Bales, Vice Chief Justice



CONCURRING:


_____

Rebecca White Berch, Chief Justice

_____

A. John Pelander, Justice

_____

Robert M. Brutinel, Justice

_____

Ann A. Scott Timmer, Justice