NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JAMES LEE PRICE, JR., *Petitioner*.

No. 1 CA-CR 20-0451 PRPC
FILED 7-27-2021

Petition for Review from the Superior Court in Yavapai County
No. P1300CR20090730
The Honorable Tina R. Ainley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Musgrove Drutz Kack & Flack PC, Prescott
By Mark W. Drutz, Jeffrey Gautreaux
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

**B R O W N**, Judge:

¶1        James Lee Price, Jr., petitions this court for review from the dismissal of his post-conviction relief ("PCR") petition.  He argues the superior court abused its discretion by dismissing his claim that the Arizona Department of Corrections, Rehabilitation and Reentry ("ADOC") placed him on a term of community supervision to which he was not sentenced.  Although we agree Price's sentence for possessing methamphetamine for sale did not include community supervision, we cannot grant the relief he requests.

**BACKGROUND**

¶2        Price was convicted of one count each of possessing methamphetamine ("meth") for sale and possessing drug paraphernalia and was sentenced to concurrent prison terms of 11 years for the meth conviction and 1.5 years for the paraphernalia conviction.  The superior court did not orally impose community supervision when it pronounced Price's sentences.  The sentencing order, however, required Price to serve a term of community supervision, but only on the paraphernalia conviction.  The State did not move to correct the sentence under Arizona Rule of Criminal Procedure ("Rule") 24.3(a).  We affirmed Price's convictions and sentences on direct appeal.  *State v. Price*, 1 CA-CR 10-0810, 2011 WL 6287934, at *3, ¶ 17 (Ariz. App. Dec. 15, 2011) (mem. decision).  The State did not cross-appeal.

¶3        While incarcerated, ADOC informed Price that he would serve 18 months of community supervision upon release.  That calculation, however, is based on the 11-year meth sentence rather than the 1.5-year paraphernalia sentence.[1]  Price filed a motion in the superior court under Rule 24.4, seeking an order clarifying that the court had imposed

_____

[1]        A term of community supervision is equal to "one day for every seven days of the sentence or sentences imposed," with "all fractions . . . decreased to the nearest month, except for a class 5 or 6 felony which shall not be less than one month."  A.R.S. § 13-603(I), (J).

community supervision only on the 1.5 year sentence.  The court denied Price's motion and he filed a notice of appeal, which the superior court dismissed as untimely.  He then petitioned this court for review of the superior court's decision under the PCR rules and also petitioned for special action relief.  We dismissed the petition for review and declined jurisdiction in the special action.

**¶4**        Three days after Price was released from prison, he filed a PCR petition, relying on Rule 32.1(c) ("the sentence as imposed is not authorized by law").  Price again argued that ADOC had improperly placed him on a 1.5-year term of community supervision instead of a 2-month term.  The superior court denied relief, reasoning that (1) ADOC's calculation of community supervision could not be challenged under Rule 32.1(c) because "community supervision is not part of a sentence"; (2) "the amount of community supervision [wa]s a decision left to [ADOC]"; and (3) community supervision was "mandatory" even if the court "fail[ed] to reference it."  Price timely petitioned this court for review.

## DISCUSSION

**¶5**        If a court sentences a defendant to prison for a felony conviction, the court "shall impose on the convicted person a term of community supervision" that "shall be served consecutively to the actual period of imprisonment if the person signs and agrees to abide by conditions of supervision established by the state department of corrections."  A.R.S. § 13-603(I).  "'Community supervision' means that portion of a felony sentence that is imposed by the court pursuant to § 13-603, subsection I and that is served in the community after completing a period of imprisonment or served in prison in accordance with § 41-1604.07."  A.R.S. § 13-105(5).

**¶6**        Community supervision is "not equivalent to imprisonment." *State v. Uriarte*, 194 Ariz. 275, 280 (App. 1998).  The statutory definition of "community supervision," however, confirms it is a component of the defendant's "sentence."  A.R.S. § 13-105(5); *see also State v. Cowles*, 207 Ariz. 8, 11, ¶ 14 (App. 2004).  And while community supervision is mandatory under Arizona law, *see State v. Jenkins*, 193 Ariz. 115, 119, ¶ 11 (App. 1998), the court must impose it as part of the sentence, *see* A.R.S. § 13-603(I).  Thus, the superior court erred when it concluded that community supervision is not part of Price's sentence, and that it was "mandatory" even if the court "fail[ed] to reference it."

**¶7**         To be sure, the superior court's "failure to impose a sentence in conformity with the mandatory provisions of the sentencing statute" made Price's sentence illegal. *State v. Dawson*, 164 Ariz. 278, 281 (1990). But when the State failed to challenge the illegally-lenient sentence by post-judgment motion or appeal, the sentence was final. *See Chaparro v. Shinn*, 248 Ariz. 138, 142, ¶ 19 (2020); *see also Dawson*, 164 Ariz. at 283–84, 286. We therefore agree with Price that ADOC may not calculate his term of community supervision based on the 11-year meth sentence. *See Kirchner v. Williams*, 1 CA-SA 16-0188, 2016 WL 6518811, at *1, ¶¶ 2–4 (App. 2016) (holding the superior court's failure to order community supervision as required by A.R.S. § 13-603(I) resulted in an illegally-lenient sentence that ADOC was required to follow).

**¶8**         Nevertheless, we are not persuaded the unauthorized sentence should be treated as a valid "ground for relief" under Rule 32.1. Price does not contest his illegally-lenient sentence or seek to correct its illegality by making it lawful; instead, what he apparently wants is an order requiring ADOC to enforce the sentence imposed. That request, however, does not fall under the claims available to defendants under Rule 32. Thus, although the superior court's dismissal of Price's petition was based on erroneous conclusions of law, we will not overturn the court's ruling. *See State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015) (noting that an appellate court will affirm the trial court's denial of a PCR petition "if it is legally correct for any reason").

**¶9**         In light of this court's decision, ADOC may find it appropriate to recalculate Price's term of community supervision based on the 1.5-year sentence for the paraphernalia conviction. If ADOC does not, Price may seek mandamus relief by filing a special action petition in the superior court to compel the change. *See Stagecoach Trails MHC, L.L.C. v. City of Benson*, 231 Ariz. 366, 370, ¶ 19 (2013) (explaining that "[a]n action is in the nature of mandamus if it seeks to compel a public official to perform a non-discretionary duty imposed by law"); *Arizonans for Second Chances, Rehab., & Pub. Safety v. Hobbs*, 249 Ariz. 396, 404, ¶ 16 (2020) (rules of special action provide means to request mandamus relief); *Shadid v. State*, 244 Ariz. 450, 451, ¶ 1 (App. 2018) (reviewing a special action petition relating to ADOC's calculation of defendant's term of community supervision).

## CONCLUSION

¶10    We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA